125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph R. SCHNEIDER, Plaintiff-Appellant,
v.
CITY OF SAN CLEMENTE; San Clemente Police Department; John
Doe D'Auria, Officer; John Kirby, Officer,
Defendants-Appellees.
 No. 96-56837.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court, for the Southern District of California, No. CV-94-01569-MLH; Marilyn L. Huff, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Schneider appeals the district court's summary judgment in favor of the City of San Clemente, the San Clemente Police Department, Officers Paul D'Auria and John Kirby in Schneider's 42 U.S.C. § 1983 action alleging that his civil rights were violated during the stop, search and seizure of his car. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. See id.
 
 A. Collateral Estoppel
 
 4
 Schneider contends that collateral estoppel applied to the district court's suppression ruling in his favor to bar relitigating the validity of a search and seizure in this subsequent civil 42 U.S.C. § 1983 action. This contention lacks merit because the suppression ruling was not followed by a conviction or an acquittal, and thus, was not a final judgment under California law. See Lombardi v. City of El Cajon, 117 F.3d 1117, 1121 (9th Cir.1997) (citing Heath v. Cast, 813 F.2d 254, 258 (9th Cir.1987)).[1]
 
 B. Fourth Amendment
 
 5
 Schneider contends that sufficient facts were introduced to create a triable issue of fact as to whether there was reasonable suspicion to stop Schneider. We disagree.
 
 
 6
 Police officers can make a brief investigatory stop, consistent with the Fourth Amendment, if under the totality of circumstances, they are aware of articulable facts leading to a reasonable suspicion that the person has been, is, or is about to be engaged in criminal activity. See Terry v. Ohio, 392 U.S. 1, 21-22 (1968). To determine whether an anonymous tip can provide an adequate basis for reasonable suspicion, the totality of the circumstances must be considered. See Alabama v. White, 496 U.S. 325, 328-29 (1990).
 
 
 7
 Considering the totality of the circumstances, including the undisputed facts establishing the anonymous tip, the independent police corroboration of significant details of the tip, the expertise of the officers, and Schneider's suspicious behavior of staring intently at the undercover officers for three to five minutes while parked in an out-of-state rental car, and immediately leaving when an officer picked up his police radio, the police officers had a reasonable suspicion to stop Schneider. See White, 496 U.S. at 328-29.[2] Even though there appeared to be a factual dispute as to how Schneider's car was parked, the issue was not material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Factual disputes that are irrelevant or unnecessary will not be counted [as material for purposes of summary judgment].").
 
 C. Qualified Immunity
 
 8
 Even assuming that the officers did not have reasonable suspicion, the officers are entitled to qualified immunity because a reasonable officer could have believed that the actions in stopping Schneider's car were lawful. See Act Up!/Portland v. Bagley, 988 F.2d 868, 872 (9th Cir.1993).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because there has not been a final adjudication on the merits, we do not reach the issue of whether the appellees and the People of the State of California are parties in privity
 
 
 [2]
 Because all of Schneider's alleged Fourth Amendment violations are based on the legality of the stop, we need not address his remaining contentions